UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN ALBERTO DELGADO, JR.,<br><br>    Petitioner,<br><br>v.<br><br>S. LAKE,<br><br>    Respondent. | Case No. 1:19-cv-00119-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED FOR LACK OF JURISDICTION<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS<br><br>ECF No. 1<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Ruben Alberto Delgado, Jr., a federal prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner claims ineffective assistance of counsel and errors in sentencing. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which the court may apply in any habeas proceeding. *See* Rules Governing Section 2254 Cases, Rule 1(b); *cf.* 28 U.S.C. § 2243. Because petitioner does not claim actual innocence as required, the court lacks jurisdiction to consider the petition. I therefore recommend that the court dismiss the case.

**I.    Section 2241**

After the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, Section 2241 is now used for challenging the execution of a sentence, and a federal prisoner challenging

1

the legality of his detention must file a petition under Section 2255 in most cases. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Pursuing a petition under Section 2255 entails several restrictions, such as the requirement that the petitioner must first obtain leave from the appropriate court of appeals before filing a successive petition for habeas relief. *See id.* In addition, only the sentencing court has the jurisdiction to consider a Section 2255 petition. *See id.* at 865.

In rare circumstances, however, a federal prisoner challenging the legality of his detention may rely on what is now known as the savings clause of Section 2255 and file a petition under Section 2241, the old habeas provision, by showing that a remedy under Section 2255 is "inadequate or ineffective." *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (quoting 28 U.S.C. § 2255(e); *Hernandez*, 204 F.3d at 864. The petitioner can show that his remedy under Section 2255 is inadequate or ineffective if he "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). Failure to satisfy these requirements is a jurisdictional defect. *See Marrero v. Ives*, 682 F.3d 1190, 1194-95 (9th Cir. 2012); *Hernandez*, 204 F.3d at 865.

In the Ninth Circuit, a claim of actual innocence requires a habeas petitioner to show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Marrero*, 682 F.3d at 1193; *see also Bousley v. United States*, 523 U.S. 614, 623 (1998). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Marrero*, 682 F.3d at 1193 (quoting *Bousley*, 523 U.S. at 623). An argument that the petitioner has been erroneously treated as a career offender is a "purely legal claim that has nothing to do with factual innocence," and it is incognizable for the purposes of a Section 2241 petition. *See id.* Although the Ninth Circuit has noted that other circuits have recognized a few exceptions to the actual innocence requirement, it has not recognized those exceptions. *See id.* at 1194. This court has not recognized those exceptions either.

As for the second requirement, "whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim did not become available until after a federal court decision." *Stephens*, 464 F.3d at 898. We must consider: (1) whether the legal basis

for petitioner's claim "did not arise until after he had exhausted his direct appeal and first § 2255 motion;" and (2) whether the law changed "in any way relevant" to petitioner's claim after that first § 2255 motion. *See Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008). When the change of law comes from an intervening court decision, the decision must "effect a material change in the applicable law" to establish unavailability. *See Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (quoting *In re Davenport*, 147 F.3d 605, 607, 610 (7th Cir.1998)).

Here, petitioner has not satisfied the requirements of the savings clause. Petitioner raises three habeas claims: (1) he was not subject to sentence enhancement under the United States Federal Sentencing Guidelines Section 2D1.1; (2) he received ineffective assistance of counsel from his trial attorney, who advised him to stipulate to sentencing under Section 2D1.1, an inapplicable provision; and (3) his guilty plea was not knowing or voluntary. Petitioner does not explain how he is factually innocent or argue that he had no opportunity to pursue these claims on direct appeal or during his first habeas proceeding. Because petitioner has not satisfied the requirements of the savings clause, his exclusive means to challenge the legality of his detention is a Section 2255 petition, and the case law requires the court to construe the petition here as a Section 2255 petition. *See Marrero*, 682 F.3d at 1192; *Hernandez*, 204 F.3d at 865-66. Because only the sentencing court has jurisdiction to consider a Section 2255 petition, this court lacks jurisdiction over this case. *See Hernandez*, 204 F.3d at 865-66. This court must therefore dismiss the case for lack of jurisdiction.

## II.     Certificate of appealability

When a petitioner has not satisfied a requirement to proceed with a Section 2241 petition, the petitioner needs a certificate of appealability to appeal. *See* 28 U.S.C. § 2253(c); Ninth Circuit Rule 22-1; *Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir. 2012). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

3

further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the petition does not present an issue debatable among reasonable jurists. Reasonable jurists also could not conclude that the petition warrants further proceeding. The court should therefore decline to issue a certificate of appealability.

## III. Order

The clerk of court is directed to assign this case to a District Judge who will review the following findings and recommendations.

## IV. Findings and recommendations

I recommend that the court dismiss the case for lack of jurisdiction and decline to issue a certificate of appealability. Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, these findings and recommendations are submitted to the United States District Court Judge who will preside over this case. Within fourteen days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: August 26, 2019

UNITED STATES MAGISTRATE JUDGE

No. 202